IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Raymond Orrand, et al.,

    Plaintiffs,

  v.                          Case No. 2:13-cv-481

Hunt Construction Group, Inc.,

    Defendant.

---

Raymond Orrand, et al.,

    Plaintiffs,

  v.                          Case No. 2:13-cv-489

Donley's, Inc.,

    Defendant.

---

Raymond Orrand, et al.,

    Plaintiffs,

  v.                          Case No. 2:13-cv-556

Cleveland Concrete
Construction, Inc.,

    Defendant.

---

Raymond Orrand, et al.,

    Plaintiffs,

  v.                          Case No. 2:13-cv-556

B&B Wrecking & Excavating,
Inc.,

    Defendant.

---

Case: 2:13-cv-00489-JLG-KAJ Doc #: 34 Filed: 08/08/14 Page: 1 of 13  PAGEID #: 703

Raymond Orrand, et al.,

    Plaintiffs,

  v.                                Case No. 13-cv-900

Precision Environmental Company,

    Defendant.

<u>OPINION AND ORDER</u>

The above actions have been brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, <u>et</u> <u>seq.</u> by Raymond Orrand, Administrator of the Ohio Operating Engineers Health and Welfare Plan, Pension Fund, Apprenticeship Fund, and Education and Safety Fund, and the trustees of those funds against defendants Hunt Construction Group, Donley's Inc., Cleveland Concrete Construction, Inc., B&B Wrecking & Excavating, Inc., and Precision Environmental Company. Plaintiffs allege that the defendant employers and the Ohio Operating Engineers, a labor union, are parties to collective bargaining agreements which require the defendants to make contributions to the funds on behalf of certain employees, and that defendants have failed to make those contributions. Plaintiffs seek the payment of contributions allegedly owed the funds under ERISA §515, 29 U.S.C. §1145, access to defendants' records for the purpose of conducting an audit, statutory interest, costs and attorney's fees, and injunctive relief.

On September 26, 2013, this court granted the motion of defendant Hunt Construction to stay proceedings in Case No. 2:13-cv-481. <u>See</u> Doc. 20. The purpose of the stay was to await the

decision of the National Labor Relations Board ("NLRB") regarding charges of unfair labor practices filed by the defendant employers against Local 18 of the International Union of Operating Engineers ("Operating Engineers") and the Laborers' International Union of North America ("Laborers' Union"). The proceedings before the NLRB under §10(k) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §160(k), involved a dispute between the two unions as to which union's members should be assigned work operating forklifts and skids in the Cleveland, Ohio, area. On December 16, 2013, the other four cases noted above were also stayed on motion of the defendants.

On May 22, 2014, Hunt Construction filed a notice stating that the NLRB had rendered a decision in the administrative proceedings. On June 13, 2014, this court held a status conference in <u>Hunt Construction</u>. Counsel informed the court that the Operating Engineers had filed a request for reconsideration of the NLRB's decision, and that a ruling on that request was expected in September. This court indicated that it would continue the stay currently in place. The judges assigned to these five cases then revisited the issue of whether they are related. By means of a related case memorandum order filed on June 18, 2014, Case Nos. 2:13-cv-900, 2:13-cv-489, and 2:13-cv-556, originally assigned to other judges, were transferred to the docket of the undersigned judge as related cases.

This matter is now before the court on the defendants' motion to consolidate the above cases, and on the NLRB's motion to intervene and to stay filed in Case Nos. 2:13-cv-900, 2:13-cv-489, 2:13-cv-864 and 2:13-cv-556.

3

I. Motion to Consolidate

The defendant employers have moved for consolidation pursuant to Fed. R. Civ. P. 42(a). Rule 42(a) provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Rule 42(a). Rule 42(a) "affords the district court discretion concerning the purposes and scope of consolidation." Advey v. Celotex Corp., 962 F.2d 1177, 1180 (6th Cir. 1992). "The underlying objective is to administer the court's business 'with expedition and economy while providing justice to the parties.'" Id. (quoting 9 Wright & Miller, Federal Practice and Procedure, §2381 (1971)). Consolidation is permitted as a matter of convenience and economy in administration, but it does not merge the suits into a single cause, change the rights of the parties, or make those who are parties in one suit parties in another. Lewis v. ACB Business Services, Inc., 135 F.3d 389, 412 (6th Cir. 1998).

"It is not a prerequisite to consolidation that there be a complete identity of legal and factual issues posed in the cases which are the subject of the request." Safety Today, Inc. v. Roy, Nos. 2:12-cv-510, 2:12-cv-929 (unreported), 2013 WL 1282384 at *1 (S.D.Ohio March 27, 2013). As long as there are some common questions of either law or fact, the court has the flexibility under Rule 42(a) to allow cases to proceed jointly with respect to such matters in which joint proceedings would not be unduly prejudicial and would be an effective utilization of judicial resources. Id. (citing Brewer v. Republic Steel Corp., 64 F.R.D.

4

591, 594 (N.D.Ohio 1974). Rule 42(a) does not require that cases be consolidated for all purposes; rather, the rule also contemplates consolidation for purposes of particular segments of the litigation. Magnavox Co. v. APF Electronics, Inc., 496 F.Supp. 29, 32 (N.D.Ill. 1980).

In deciding whether cases should be consolidated, this court must consider:

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985), quoted in Cantrell v. GAF Corp., 999 F.2d 1007, 1011 (6th Cir. 1993).

There are common legal issues and common and similar factual issues in these five cases. Plaintiffs seek to recover contributions allegedly due under the terms of the same or similar collective bargaining agreements between the Operating Engineers and the defendant employers. As a defense, the defendants rely on the decision of the NLRB rendered on May 15, 2014, holding that the members of Laborers International were entitled to perform the work for which plaintiffs now seek contributions on behalf of the Operating Engineers' funds. See Doc. 28-1, p. 7. Plaintiffs intend to argue that the court should only look to the collective bargaining agreements to determine defendants' liability for contributions under ERISA. Thus, a critical legal issue common to all five cases is what effect, if any, the NLRB decision will have

5

on plaintiffs' ERISA claims.

One consolidation factor, the risks (or, as plaintiffs argue, the benefits) of inconsistent adjudications, is now moot in light of the transfer to the undersigned judge of the three cases previously assigned to other judges. The other factors, including the burden on the parties and witnesses and on judicial resources posed by the separate litigation of identical legal and factual questions in multiple cases, weigh in favor of consolidation. All parties concerned will benefit from the stream-lined proceedings made possible by the consolidation of these five cases.

No specific risks of prejudice or possible confusion posed by consolidation have been identified in these cases. Although plaintiffs argued, prior to the filing of the related case memorandum order, that the legal issues in this case should be decided by the different judges to which the cases were originally assigned, plaintiffs have cited no authority for the proposition that they are entitled to more than one judicial opinion on the legal issues posed by their cases. Plaintiffs also argue that these cases are at different stages of development. However, they were all filed within a few months of each other. The oldest case, Hunt Construction, was filed on May 20, 2013, and the most recent case, Precision Environmental, was filed on September 13, 2013. Proceedings in Hunt Construction were stayed on September 26, 2013, and the other four cases were stayed on December 16, 2013. Little in the way of pretrial conferences or discovery has occurred in any of these cases. The minor differences in the state of the proceedings in these cases are not sufficient to outweigh the benefits of consolidating future proceedings. If this court rules

6

in plaintiffs' favor on the issue of liability, then factual issues concerning work performed for each employer may come to the forefront. However, nothing in the record to date suggests that such issues would be hotly contested, or that litigation of these issues would generate confusion sufficient to outweigh the benefits of consolidation. Even if that does occur, this court can re-examine the issue of consolidation at a later stage in the proceedings.

Defendants' motion for consolidation is granted.

II. Motion to Intervene

The NLRB has filed a motion to intervene and to stay in the four cases filed after Hunt Construction (proceedings in that case had already been stayed when the NLRB filed its motion). The defendants in those cases do not oppose the motion, but plaintiffs have filed a memorandum in opposition. Because the cases have been stayed pending the results of the proceedings before the NLRB, the NLRB's request to intervene for the purpose of seeking a stay is moot. However, the NLRB argues that it is also entitled to intervene in this case to protect its jurisdiction. The NLRB contends that the question of whether the Operating Engineers or the Laborers' Union had jurisdiction over the work performed for which contributions are now sought is a matter for the NLRB to decide under §10(k) of the NLRA, and that these ERISA proceedings may undermine its authority.

Intervention is governed by Fed. R. Civ. P. 24, which addresses intervention of right and permissive intervention. Rule 24(a), governing intervention of right, provides in relevant part:

    (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:

7

>                         * * *
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Rule 24(a)(2). Under this provision, a third party may qualify for intervention upon satisfying four elements: (1) the timeliness of the application; (2) a substantial legal interest in the case; (3) impairment of the applicant's ability to protect that interest in the absence of intervention; and (4) inadequate representation of that interest by parties already before the court. Northeast Ohio Coalition for Homeless and Service Employees Intern. Union, Local 1199 v. Blackwell, 467 F.3d 999, 1007 (6th Cir. 2006). The Sixth Circuit has stated that "Rule 24 should be 'broadly construed in favor of potential intervenors.'" Stupak-Thrall v. Glickman, 226 F.3d 467, 472 (6th Cir. 2000)(quoting Purnell v. Akron, 925 F.2d 941, 950 (6th Cir. 1991)).

The first factor, the timeliness of the application, is not disputed by plaintiffs. The NLRB's application was timely filed in the early stages of these cases.

In regard to the second factor, whether the NLRB has a substantial legal interest in the case, the Sixth Circuit employs "a rather expansive notion of the interest sufficient to invoke intervention of right." Providence Baptist Church v. Hillandale Comm., Ltd., 425 F.3d 309, 315 (6th Cir. 2005). Close cases are resolved in favor of recognizing an interest under Rule 24(a). Michigan State AFL-CIO v. Miller, 103 F.3d 1240, 1247 (6th Cir. 1997). "[A]n intervenor need not have the same standing necessary

8

to initiate a lawsuit in order to intervene in an existing district court suit where the plaintiff has standing." Providence Baptist Church, 425 F.3d at 315. Thus, the fact that the NLRB might otherwise have no standing under ERISA to participate in the instant actions does not preclude intervention.

Defendants contend that the outcome of the work assignment dispute currently pending before the NLRB is relevant to their obligation to pay ERISA contributions. Although plaintiffs take the position that the NLRB's resolution of the work assignment dispute between the two unions is irrelevant to whether defendants have an obligation under the collective bargaining agreements to pay ERISA contributions, they recognize that there is a split of authority on that issue. In Trustees of B.A.C. Local 32 Ins. Fund v. Ohio Ceiling & Partition Co., 48 F.App'x 188 (6th Cir. Oct. 4, 2002), an action for contributions brought by the trustees of union funds against an employer under ERISA, the Sixth Circuit noted that while it had not specifically addressed this split among the circuits, it had rejected a claim for damages for breach of contract by one union when the NLRB resolved the jurisdictional dispute in favor of another union. 48 F.App'x at 197 (citing Local 1519 v. Rockwell Int'l Corp., 619 F.2d 580, 584-85 (6th Cir. 1980)). The court further commented that the "plaintiffs should not be able to establish an entitlement to contributions for work assigned to another union claiming jurisdiction over the work without invoking procedures [before the NLRB] for resolving the jurisdictional work assignment issue." Id. at 198. This language suggests that the NLRB's request to intervene to protect its jurisdiction to decide the work assignments at issue in these cases

9

is relevant to plaintiffs' ERISA claims.

The Sixth Circuit addressed the issue of NLRB intervention in <u>Irvin H. Whitehouse & Sons Co., Inc. v. Local Union No. 118 of Intern. Broth. of Painters and Allied Trades, AFL-CIO</u>, 953 F.2d 1384 (table), 1992 WL 19472 (6th Cir. Feb. 5, 1992), a similar case involving arbitration to resolve which of two rival unions could claim the plaintiff's employees as members. The court rejected plaintiff's argument that only parties to the arbitration could intervene, and held that the district court properly permitted the NLRB to intervene in the case, noting that the "NLRB's interest in the case is 'direct, substantial, and significantly protectable.'" <u>Id.</u>, 1991 WL 19472 at *6 (quoting <u>United States v. Carrols Dev. Corp.</u>, 454 F.Supp. 1214, 1219 (N.D.N.Y. 1978)). The court further commented that the NLRB's statutory authority under the NLRA to hear and determine allegations of unfair labor practices gave the NLRB "a public interest, unmatched by any other participant in the case" and that the NLRB "clearly has an interest in protecting its jurisdiction." <u>Id.</u> The NLRB has a similar substantial legal interest in protecting its jurisdiction in these cases, where the legal arguments advanced by plaintiffs concerning the rights of the Operating Engineers' funds to contributions under ERISA could have the effect of undermining the NLRB's decision holding that the work for which contributions are sought was properly awarded to Laborers' Union members. The second element has been satisfied here.

To satisfy the third element, the intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied, a minimal burden. <u>Grutter v. Bollinger</u>,

10

188 F.3d 394, 399 (6th Cir. 1999). This element is satisfied here. It is only in the particular context of these ERISA actions that the work assignment determination of the NLRB is under indirect attack due to plaintiffs' claims for contributions to the Operating Engineers' funds for work which the NLRB has determined was properly awarded to Laborers' Union members. The NLRB would ordinarily have no involvement as a party to an ERISA action for contributions. It is only as an intervenor that the NLRB will be able to assert any arguments it has against plaintiffs' claims for contributions in defense of its jurisdiction to decide work assignments.

  The burden of establishing the fourth element, that the intervenor's interest is not adequately protected by the existing parties, is also a minimal one; "it is sufficient to prove that representation <u>may</u> be inadequate." <u>Blackwell</u>, 467 F.3d at 1008 (emphasis in original). "It may be enough to show that the existing party who purports to seek the same outcome will not make all of the prospective intervenor's arguments." <u>Miller</u>, 103 F.3d at 1247. Plaintiffs argue that the defendants are capable of adequately briefing the legal arguments regarding what weight, if any, should be given to the NLRB's decision regarding work assignments. However, the NLRB correctly notes that the goal of the defendants in these cases is to avoid liability for the payment of the contributions sought. These are private economic concerns which are not shared by the NLRB. In contrast, the NLRB represents and enforces the public interest. It is the NLRB which has the express statutory authority to settle work assignment disputes. <u>Rockwell Int'l</u>, 619 F.2d at 582. Thus, the NLRB's perspective

11

differs from that of the parties to this action.  In light of its expertise in dealing with matters within its jurisdiction, the NLRB is also in a position to provide the court with legal arguments and authorities which might not be forthcoming in the parties' briefs.  The fourth element has been satisfied.

The court concludes that all of the requirements for intervention of right have been met in these cases.  In the alternative, the court finds that permissive intervention under Fed. R. Civ. P. 24(b)(2) is also appropriate.  Rule 24(b)(2) provides in relevant part: "On timely motion, the court may permit a federal ... agency to intervene if a party's claim or defense is based on: (A) a statute ... administered by the ... agency; or (b) any ... order ... issued or made under the statute[.]"  A motion for permissive intervention under Rule 24(b) is at the sound discretion of the district judge.  <u>Secretary of Dept. of Labor v. King</u>, 775 F.2d 666, 668 (6th Cir. 1985).  In ruling on the motion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.  Fed. R. Civ. P. 24(b)(3); <u>Vassalle v. Midland Funding LLC</u>, 708 F.3d 747, 760 (6th Cir. 2013).

In the cases before the court, the defendants have raised a defense based on the decision of the NLRB in the jurisdictional dispute between the Operating Engineers and the Laborers' Union.  This decision was rendered pursuant to the NLRB's authority under §160(k) of the NLRA, a statute administered by the NLRB, to resolve work assignment disputes.  There is no indication in the record that intervention by the NLRB early in these cases will unduly delay the resolution of these cases or prejudice the adjudication

12

of plaintiffs' claims.  The NLRB states that it seeks to intervene to apprise the court of the significance of the related proceedings before the NLRB.  The NLRB indicates that it does not intend to conduct discovery, that it does not seek to introduce new facts or issues into these proceedings, and that the briefing of any additional issues will result in minimal additional time and expense.  Doc. 17-1. pp. 4-5.  The court concludes that the requirements for permissive intervention have also been satisfied.

The motion of the NLRB to intervene is granted.

III. Conclusion

Defendants' motion for consolidation is granted.  All proceedings in Orrand v. Hunt Construction Group, Case No. 2:13-cv-481, Orrand v. Donley's Inc., Case No. 2:13-cv-489, Orrand v. Cleveland Concrete Construction, Inc., Case No. 2:13-cv-556, Orrand v. B&B Wrecking & Excavating, Inc., Case No. 2:13-cr-864, and Orrand v. Precision Environmental Co., Case NO. 2:13-cv-900, are hereby consolidated.  The motion of the NLRB to intervene in Orrand v. Donley's Inc., Case No. 2:13-cv-489, Orrand v. Cleveland Concrete Construction, Inc., Case No. 2:13-cv-556, Orrand v. B&B Wrecking & Excavating, Inc., Case No. 2:13-cr-864, and Orrand v. Precision Environmental Co., Case NO. 2:13-cv-900 is granted.  Defendant's motion to dismiss or to stay filed in Case No. 2:13-cv-489 (Doc. 10) is moot in light of the stay order filed in that case on December 16, 2013 (Doc. 28).  The five cases shall remain stayed until further order of this court.

Date: August 8, 2014             s/James L. Graham
                                 James L. Graham
                                 United States District Judge

13